UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA N. ROY, ) | Case No. C08-917-RSM-JPD |
| Plaintiff, ) | |
| v. ) | |
| ADIRONDACK MEDICAL CENTER, et al., ) | REPORT AND RECOMMENDATION |
| Defendants. ) | |

Plaintiff Lisa N. Roy, proceeding *pro se*, has filed an application to proceed *in forma pauperis* ("IFP") in this proposed civil rights lawsuit against Adirondack Medical Center and the New York State Department of Labor. Dkt. No. 1-1. The complaint has not been served. After careful consideration of plaintiff's IFP application, proposed complaint, the governing law and the balance of the record, the Court recommends that her case be DISMISSED without prejudice for improper venue and her IFP application DENIED as moot.

A.   The Complaint

Plaintiff's proposed complaint is nearly incomprehensible. It is a twenty-four combination of handwritten pages and copies of various documents, including miscellaneous emails, printouts from internet websites, and W-2 forms. Each document contains handwritten comments scrawled around the borders of the page or between paragraphs, making many pages impossible to read. Dkt. No. 1-1. Plaintiff appears allege employment discrimination on

REPORT AND RECOMMENDATION
PAGE – 1

the part of the Adirondack Medical Center and New York State Department of Labor.

B. Improper Venue

Venue for actions not based solely on diversity of citizenship is determined by 28 U.S.C. § 1391(b), which states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought *only* in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (emphasis added).

Here, each of the named defendants reside in the State of New York, not the State of Washington. Furthermore, all of the events or omissions giving rise to the claims in plaintiff's complaint appear to have occurred in New York, not Washington. Accordingly, venue is not proper in the United States District Court for the Western District of Washington. Because the defendants reside in New York, and because all of the acts or omissions giving rise to plaintiff's claims occurred in New York, this action could have been brought in the United States District Court for the Northern District of New York.

C. Conclusion

When, as here, a case is filed in the improper venue, the district court "*shall dismiss*, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Because it appears that dismissal would not prejudice plaintiff in any way, and a transfer does not appear to be in the interest of justice, the Court recommends that this action be DISMISSED without prejudice for improper venue.[1] In addition, plaintiff's application to proceed *in forma pauperis* may be DENIED as

---

[1] In the alternative, and assuming venue was proper in this district, the Court would dismiss plaintiff's proposed complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The fact that plaintiff is not

01 moot. A proposed Order accompanies this Report and Recommendation.

02 DATED this 17th day of June, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

---

a prisoner would not change this result. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

REPORT AND RECOMMENDATION
PAGE – 3